**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| MARY MOORE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KELLOGG SALES COMPANY,<br><br>Defendant. | Case No. 3:22-CV-03172<br><br>The Honorable Sue E. Myerscough |

**REPLY IN SUPPORT OF KELLOGG SALES COMPANY'S**
**MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT**

**JENNER & BLOCK LLP**

Dean N. Panos
dpanos@jenner.com
353 North Clark Street
Chicago, IL 60654
Tel.: (312) 222-9350
Fax: (312) 527-0484

Alexander M. Smith
asmith@jenner.com
515 South Flower Street, Suite 3300
Los Angeles, CA 90071
Tel: (213) 239-5100
Fax: (213) 239-5199

Attorneys for Defendant
Kellogg Sales Company

## REPLY IN SUPPORT OF MOTION TO DISMISS

In her opposition brief, Plaintiff repeatedly cites the Seventh Circuit's decision in *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468 (7th Cir. 2020) to support her allegation that the labeling of Kellogg's Harvest Wheat Toasteds Crackers falsely suggests that the crackers contain more whole grains and fiber than they do. *See generally* Opp'n at 2–6. But nothing in *Bell* even remotely supports Plaintiff's implausible interpretation of Kellogg's labeling.

In *Bell*, the Seventh Circuit held that the plaintiffs had stated a plausible claim of deception by alleging that the phrase "100% Grated Parmesan Cheese" was misleading because the product contained other ingredients, including cellulose and potassium sorbate. *See* 982 F.3d at 481–82 In reaching that conclusion, the court emphasized that it had "no quarrel with defendants' ability to call their products 'grated cheese.'" *Id.* at 481. Instead, the Seventh Circuit explained, "[t]he problem lies in the '100%.'" *Id.* But in contrast to *Bell*, where the court held that the statement "100% Grated Parmesan Cheese" could plausibly suggest that the sole ingredient in the product was parmesan cheese, the labeling of Harvest Wheat Toasteds Crackers does not even *reference* whole grains or fiber. It is therefore implausible that a reasonable consumer could construe any aspect of Kellogg's labeling—including the phrase "Harvest Wheat" or an image of the crackers with dark specks—to mean that the crackers contain a specific amount of whole grains or fiber.

Plaintiff construes *Bell* to stand for the broad proposition that if there is *any* conceivable dispute about the meaning of a labeling term, it is inappropriate to dismiss a false advertising lawsuit. *See* Opp'n at 3. *Bell* holds no such thing. Rather, *Bell* reaffirmed the longstanding rule that "where plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified." *Bell*, 982 F.3d at 477. Consistent with that commonsense rule, courts following *Bell* have continued to dismiss false

1

advertising lawsuits—including several brought by Plaintiff's counsel here—where the labeling was "not misleading as a matter of law."[1] *Hamidani v. Bimbo Bakehouse LLC*, No. 22-1026, 2023 WL 1657513, at *2 (N.D. Ill. Jan. 12, 2023) (citing *Bell*, 982 F.3d at 477).

*Hamidani*, which another Illinois federal court decided two weeks ago, is especially instructive.  There, as here, the plaintiff alleged that the defendant's brown bread—which included molasses and caramel color to "make[] the Bread appear darker in color" and featured "oat and rye flakes dispersed on its top crust"—"deceived her into thinking that the Bread contained more whole grains than refined grains."  *Hamidani*, 2023 WL 1657513, at *1.  The court dismissed this lawsuit and found that "the Bread's appearance and label makes no explicit or implicit representations about the proportion of whole grains in the Bread's ingredients."  *Id.* at *3.  In so holding, the court made clear that the "brown color of the bread . . . does not guarantee its precise whole grain content."  *Id.*  The court also agreed that the "presence of oat and rye flakes on the exterior of the Bread does not move the needle," as "[n]o reasonable consumer could conclude what percentage of whole wheat the Bread contains merely by these toppings."  *Id.*  Absent any "plausible deception in the Product's packaging or physical appearance," the court concluded that "Plaintiff's interpretation of the Product's representations is unreasonable."  *Id.*

*Hamidani* is hardly an outlier.  To the contrary, courts throughout the country have agreed that "where a product nowhere uses the phrase 'whole grain' or any synonym or type thereof, the

---

[1] *See also, e.g.*, *Floyd v. Pepperidge Farm, Inc.*, 581 F. Supp. 3d 1101, 1109 (S.D. Ill. 2022) (dismissing lawsuit filed by Plaintiff's counsel alleging that the term "Golden Butter" crackers misled consumers into believing that the crackers contained "butter and a non-de minimis amount of butter substitutes" and holding that the labeling of the crackers was not misleading as a matter of law); *Chiappetta v. Kellogg Sales Co.*, No. 21-3545, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) (dismissing lawsuit filed by Plaintiff's counsel alleging that the labeling of Strawberry Pop-Tarts exaggerated their strawberry content and holding that the plaintiff's "interpretation of the labeling is unreasonable and unactionable").

Court will not infer that the reasonable consumer shopping reasonably would mistake the product for being predominantly whole grain, absent specific allegations to the contrary." *Randolph v. Mondelēz Global LLC*, No. 21-10858, 2022 WL 953301, at *2 (S.D.N.Y. Mar. 30, 2022); *see also Romero v. Flowers Bakeries, LLC*, No. 14-5189, 2016 WL 469370, at *6–7 (N.D. Cal. Feb. 8, 2016) (dismissing lawsuit alleging that packaging of "Honey Wheat" and "Whitewheat" bread, which included claims such as "healthy grains" and "wholesome wheat," falsely suggested the bread contained "whole wheat"). None of the cases Plaintiff cites compel a contrary conclusion. For example, *Ang v. Bimbo Bakeries USA*, No. 13-1196, 2013 WL 5407039 (N.D. Cal. Sept. 25, 2013) involved products that were labeled with the phrases "Whole Grain White Bread," "100% Whole Wheat Bread," and "Excellent Source of Fiber," which are explicit statements about whole grains and fiber. And Plaintiff makes zero effort to explain the reasoning of the two District of Columbia Superior Court cases she cites or to articulate why those cases control the outcome here.[2]

In short, the labeling of Kellogg's Harvest Wheat Toasteds Crackers does not include any representation about the presence of whole grains or fiber. That is fatal to Plaintiff's lawsuit, as it is axiomatic (even after *Bell*) that "a statement or label cannot mislead unless it actually conveys untrue information about a product." *Floyd*, 581 F. Supp. 3d at 1109 (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 938 (7th Cir. 2001)). Nothing in *Bell* or Plaintiff's opposition brief salvages her claims of deception, and this Court should dismiss her lawsuit with prejudice.

---

[2] *See* Opp'n at 4 (citing *Nat'l Consumers League v. Doctor's Assocs., Inc.*, No. 2013-6549, 2014 WL 4589989 (D.C. Super. Ct. Sept. 12, 2014) and *Nat'l Consumers League v. Bimbo Bakeries USA*, No. 2013-6548, 2015 WL 1504745 (D.C. Super. Ct. Apr. 2, 2015)). Notably, these cases pre-date *Hamidani*, *Randolph*, and *Romero*, do not apply Illinois or Seventh Circuit law, and are state court cases in which the plaintiff's allegations were not subject to the plausibility requirements set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Dated:  January 26, 2023                    Respectfully submitted,

By: /s/ Dean N. Panos
Dean N. Panos (ARDC No. 6203600)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone:  (312) 923-2765
Facsimile:  (312) 527-0484
dpanos@jenner.com

Alexander M. Smith
JENNER & BLOCK LLP
515 S. Flower St., Ste. 3300
Los Angeles, CA 90071
Telephone:  (213) 239-5100
Facsimile:  (213) 239-5199
asmith@jenner.com

Attorneys for Defendant
Kellogg Sales Company